**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 47TH AND 7TH LLC,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No. 25-1930 (SDW) (MAH)<br><br>**WHEREAS OPINION**<br><br>May 14, 2025 |

**THIS MATTER** having come before this Court upon Plaintiff 47th and 7th LLC's ("Plaintiff") filing of a Complaint (D.E. 1) and an application to proceed *in forma pauperis*, (D.E. 1-1 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

**WHEREAS** pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

**WHEREAS** although federal courts liberally construe *pro se* complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the complaint must still state a plausible claim for relief, *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014). The legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Rule 12(b)(6). *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). *Pro se* litigants "must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), and those factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); and

**WHEREAS** this Court previously considered and ruled on the claims presented in Plaintiff's Complaint. *See Shabazz v. Brian Moynihan Bank of Am.*, No. 23-7321, 2023 WL 6276276 at *1 (D.N.J. Sept. 26, 2023) (*sua sponte* dismissing the plaintiff's, Danny Amen Valentine Shabazz, first amended complaint alleging that "Bank of America illegally froze $7.9 million in funds" with prejudice because it failed to state a claim for relief and did not sufficiently plead subject matter jurisdiction). Under the guise of his LLC, Mr. Shabazz impermissibly attempts to relitigate claims previously ruled upon by this Court. *See Beasley v. Howard*, 14 F.4th 226, 231–32 (3d Cir. 2021) ("[A] plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same."); *see also Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir.

2020) ("A dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims.") (quoting *Landon v. Hunt*, 977 F.2d 829, 832–33 (3d Cir. 1992)); and

**WHEREAS** notwithstanding, this Court also finds that Plaintiff's Complaint does not establish subject matter jurisdiction. "The state of organization and the principal place of business of an unincorporated association are legally irrelevant" on the question of citizenship for diversity jurisdiction purposes; an LLC's citizenship is determined "by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). Here, Plaintiff's Complaint fails to establish diversity jurisdiction, as it is unclear from the Complaint who Plaintiff's members are and what their citizenship is. *See* Fed. R. Civ. P. 8(a); and

**WHEREAS** Plaintiff's IFP application indicates Plaintiff has received a monthly income of four thousand dollars during the past twelve months, and represents $2,750 in monthly expenses, including monthly $1,300 mortgage, $300 on food, $100 on laundry/dry cleaning, $1,000 on medical and dental expenses, and $50 for transportation, but fails to attach a detailed statement in support of his reported expenses (D.E. 1-1 at 1, 4); therefore

Plaintiff's application to proceed *in forma pauperis* is **DENIED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** on the basis of claim preclusion. An appropriate order follows.

                                                     /s/ Susan D. Wigenton
                                             **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Parties
             Michael A. Hammer, U.S.M.J.